**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SUSAN BARDO,

Petitioner,

Case Number: 2:15-CV-13587
HON. GEORGE CARAM STEEH

v.

ANTHONY STEWART,

Respondent.
_________________________________/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

## I. Introduction

Michigan state prisoner Susan Bardo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting she is being held in violation of her constitutional rights. Petitioner was convicted in Delta County Circuit Court of first-degree child abuse, MICH. COMP. LAWS § 750.136b(2); and torture, MICH. COMP. LAWS § 750.85. On the same date she filed this petition, Petitioner also filed a motion for a stay of the proceedings so that she can raise unexhausted claims in the state courts. The Court denies Petitioner's motion for a stay and dismisses the petition without prejudice. The Court also denies a certificate of appealability.

## II. Procedural History

Petitioner pleaded guilty in Delta County Circuit Court to first-degree child abuse, and torture. On August 13, 2013, she was sentenced to 20 to 50 years' imprisonment for each conviction. She filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Bardo*, No. 320337 (Mich. Ct. App. March 21, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Bardo*, 497 Mich. 903 (Mich. Nov. 25, 2014).

Petitioner filed her federal habeas petition on October 7, 2015. She raises a claim that her sentence exceeded her statutory guidelines.

## III. Discussion

Petitioner seeks a stay so that she may raise unexhausted claims in state court. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional

issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for her to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. She may file a motion for relief from judgment in the Delta County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, she may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although she may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on November 25, 2014, and Petitioner had 90 days from that date, until January 26, 2015, to seek a writ of certiorari with the United States Supreme Court. The one-year limitations period commenced the next day, January 27, 2015. Approximately three-and-a-half months of the one-year period remained when Petitioner filed this habeas petition on October 7, 2015. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Assuming that Petitioner files an appropriate post-conviction motion in the state court within a reasonable portion of time, the remaining portion of the limitations period allows her ample time to re-file this petition after the conclusion of proceedings in the state trial

and appellate courts. Thus, Petitioner has not shown the need for a stay and a non-prejudicial dismissal of the habeas petition is appropriate.

## IV. Conclusion

Accordingly, the Court **DENIES** Petitioner's Motion to Stay and Abey Habeas [dkt. #2] and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. If Petitioner wishes to proceed on the claim contained in the petition and abandon her unexhausted claims, she may move to reopen these proceedings within thirty days from the date of the Order.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate the correctness of the Court's decision. Accordingly, the Court **DENIES** a certificate of appealability. This case is closed.

**SO ORDERED**.

Dated: November 2, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 2, 2015, by electronic and/or ordinary mail and also on Susan Bardo #882489, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197..

s/Marcia Beauchemin
Deputy Clerk