UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SUSAN BARDO,

        Petitioner,        Case Number: 2:15-cv-13587
                                       Honorable George Caram Steeh

  v.

SHAWN BREWER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Michigan state prisoner Susan Bardo filed a habeas petition under 28 U.S.C. § 2254. Petitioner pleaded guilty in Delta County Circuit Court to first-degree child abuse, MICH. COMP. LAWS § 750.136b(2); and torture, MICH. COMP. LAWS § 750.85. Petitioner, who is presently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, seeks habeas relief on the ground that her sentence of 20 to 50 years in prison exceeded the statutory guidelines and the reasons for the departure were not substantial and compelling. For the reasons set forth, the Court denies the petition.

## I. Background

According to the facts set forth at the plea hearing, Petitioner and her boyfriend, Carl Pellinen, locked Petitioner's adolescent son, C.M., in a room for 22 hours a day for two to three years. *See* 6/27/13 Tr. at 8, ECF No. 12-2, Pg. ID 219. This occurred on the top floor of a home in Escanaba shared by Petitioner and Pellinen. *Id.* at 9, Pg. ID 220. For a period of approximately two to three months sometime in 2008 or 2009, C.M. was taped to a chair while locked in the room. *Id.* at 8, Pg. ID 219. He was limited to one meal a day, and occasionally, allowed a second meal. *Id.* at 8-9, Pg. ID 219-220. C.M. was told that if he went outside he would be shot or police would pick him up and take him to a terrible place. *Id.* at 10, Pg. ID 221. Petitioner also admitted to having sexual intercourse with C.M. *Id.*

Petitioner pleaded guilty pursuant to a plea agreement providing that in exchange for her plea, the prosecutor would dismiss a third charge, first-degree criminal sexual conduct. Petitioner acknowledged that no additional promises were made to her in exchange for her plea.

Petitioner's sentence guidelines for the maximum-minimum sentence were scored at 10-1/2 to 17-1/2 years for each offense. On August 13,

2013, the trial court sentenced Petitioner to 20 to 50 years for each offense, an upward departure of 2-1/2 years.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals claiming that the trial court lacked substantial and compelling reasons for the upward departure. The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *People v. Bardo*, No. 320337 (Mich. Ct. App. March 21, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. She raised the sentencing claim raised in the Michigan Court of Appeals, and an ineffective assistance of counsel claim. The Michigan Supreme Court denied leave to appeal. *People v. Bardo,* 856 N.W.2d 6 (Mich. 2014).

Petitioner filed a habeas corpus petition in October 2015, and a request to stay the petition to exhaust unexhausted claims in state court. The Court denied the motion for stay and dismissed the petition without prejudice because Petitioner had ample time to exhaust her claims in state court and return to this Court to file a fully exhausted habeas petition. *See* Op. & Order Denying Motion to Stay, ECF No. 4. Petitioner then moved to reopen the habeas case, abandon her unexhausted claims, and proceed

only on her exhausted sentencing claim.  The Court granted the motion.  *See* Op. & Ord. Granting Motion to Reopen, ECF No. 6.

The petition raises this claim:

Defendant's sentences of 20 to 50 years in prison exceeded her statutory guidelines and the reasons for the departure were not substantial and compelling.

## II.  Standard

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  The habeas petition does not present grounds which may establish the violation of a federal constitutional right.  The petition will be dismissed.

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state

court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III.  Discussion

Petitioner argues that the trial court erred in upwardly departing from the sentencing guidelines without providing substantial and compelling reasons for the departure. This claim is not cognizable on habeas review.

The Michigan Court of Appeals rejected this claim on the merits.

*People v. Bardo*, No. 320337 (Mich. Ct. App. March 21, 2014).  Under Michigan law, a trial court may depart from the sentencing guidelines range if the court has a "substantial and compelling reason for that departure and states on the record the reasons for departure."  Mich. Comp. Laws § 769.34.  In this case, the trial court held that the scoring of ten points for offense variable 4 was inadequate to reflect the profound, long-term, possibly irreversible psychological, developmental, and cognitive impact the years of abuse had and would continue to have on C.M.  *See* Tr. at 15.  The trial court cited these factors as providing substantial and compelling reasons for the upward departure.

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), quoting 28 U.S.C. § 2254(a). The requirement that a sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law.  *See* Mich. Comp. Laws § 769.34(3).  Whether a state court judge articulates substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law.  *See Howard v.*

*White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); see also *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.

Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

Dated: November 29, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 29, 2018, by electronic and/or ordinary mail and also on Susan Bardo #882489, Huron Valley Complex - Womens 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk